## SAMMIE HEWITT *v.* DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES

[No. 27, September Term, 1977.]

*Decided February 15, 1978.*

The cause was argued before MORTON, MASON and WILNER, JJ.

*Mary S. Elcano* for appellant.

*H. Edgar Lentz, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

On March 1, 1976, the Secretary of the Department of Public Safety and Correctional Services issued an order

reinstating the administrative conviction of Sammie Hewitt for violation of an institutional rule. From an affirmance of the Secretary's order by the Baltimore City Court, Hewitt appeals and in substance contends that the lower court erred in finding that there was substantial evidence to support appellant's administrative conviction of being under the influence of marijuana.

The record reveals that Hewitt, while incarcerated at the Maryland House of Correction, was charged with the violation of several institutional rules by the following report:

> [Hewitt was] [b]rought to the hospital approximately 8:25 p.m. to be processed for suspicion of consumption of [a controlled dangerous substance]. Upon arrival, inmate's speech slurred, gait unsteady and pupils constricted. While obtaining urine for narc. screening, inmate stated "I don't know why you are getting urine from me, I am high from smoking marijuana and it surely will not show up in my urine, ha ha."
>
> Inmate was advised that the above statement was sufficient for disciplinary action and he further stated "I will say I made the above statement because I was under heavy interrogation."

The report was signed by R. Slaysman, a correctional officer, and L. Stewart, a correctional officer and licensed practical nurse. An Adjustment Team [1] was convened to hear the charges. The complaining officers were not called to testify at this hearing by either Hewitt or the institution. Hewitt denied that he had admitted smoking marijuana and instead contended that he only inquired whether marijuana would show up in a drug test.

The Adjustment Team, in a two to one decision, found Hewitt guilty of violating Rule 7, which in relevant part prohibits: "Being intoxicated (by homemade intoxicants or commercial intoxicants or being under the influence of any kind of drug, barbituate, and/or amphetamine not prescribed

---

1. The Adjustment Team is a three person board constituted pursuant to Adjustment Procedures adopted by the Division of Correction.

...).'' Hewitt was sentenced to sixty days in isolated confinement.

Pursuant to the procedures set out in Md. Ann. Code, Art. 41, § 204F (d), Hewitt filed a complaint with the Inmate Grievance Commission (the Commission) on the ground that there was insufficient evidence to support his conviction.

At a hearing before the Commission, a member of the Adjustment Team testified that their decision was based upon the report of Officers Stewart and Slaysman. Officer Stewart's testimony at this hearing was consistent with the report submitted to the Adjustment Team. In a written opinion, the Commission concluded that there was insufficient evidence to justify the administrative conviction and reversed the decision of the Adjustment Team for the following reasons:

> The team did not call the accusing officer to qualify his adjustment report and to permit Mr. Hewitt to cross-examine his accuser. The officer's adjustment report was simply accepted by the team as factual, including the officer's impression that Mr. Hewitt was intoxicated. No officer saw this inmate smoking marijuana and the inmate stated that although he admitted smoking marijuana, he did so only because, after being so accused by Mr. Stewart, he was subjected to "heavy interrogation."

> Marijuana, as physical evidence, was never found on the person of inmate Hewitt and, of course, none was presented at the adjustment hearing.

> It is to be noted that two other charges were placed against Mr. Hewitt; Rule 8 — possession of narcotics, barbituates, etc., and Rule 18 — passing or receiving contraband. He was found not guilty on these two counts.

> The statement by Mr. Stewart that because Mr. Hewitt was observed to be of unsteady gait cannot be accepted by the Commission as sufficient proof that he was, in fact, "high" and under the influence of a CDS, suspected to be marijuana.

The institution stated that a urine test is given in all such cases, primarily to rule out the presence of drugs other than marijuana. It is recognized that marijuana will not show up in a urinalysis and, in this instance, the laboratory analysis was negative for all drugs identified and included in the Drug Abuse Screen.

As to the statement by Mr. Hewitt that, following "heavy interrogation", he admitted smoking marijuana, the Commission finds it not unreasonable to accept the inference that the accused was expostulating under duress. He at no time pled guilty to the charges.

In an Order dated March 1, 1976, the Secretary reversed the Commission's decision and reinstated the Adjustment Team's conviction, stating:

The conclusions of the Inmate Grievance Commission were based on the fact that there was insufficient evidence before the Adjustment Team to justify its verdict. This conclusion was based in part on the fact that the Adjustment Team did not call the accusing officer to testify (although his report was read at the hearing) and that Mr. Hewitt was thereby denied the opportunity to cross-examine his accuser. The conclusion reached by the Inmate Grievance Commission is contrary to the doctrine layed down by the Supreme Court in Wolff vs. McDonnell 94 S. Ct. 2963 where the Court on page 2980 stated that prison officials must have the necessary discretion in calling witnesses and that confrontation and cross-examination, while essential in criminal trials, such due process requirements are not required in prison disciplinary hearings. The court specifically said "We think that the constitution should not be read to impose the procedure at the present time and that adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination.

The narrow issue we are asked to determine is whether there was substantial evidence in "the record of the proceedings before the Commission and the Secretary's order, if any, pursuant to such proceedings" Md. Ann. Code Art. 41, § 204F(l), to support Hewitt's conviction of violating Rule 7. The standard of judicial review of decisions of the Secretary in inmate grievance matters was comprehensively discussed by this Court in *Bryant v. Department of Public Safety,* 33 Md. App. 357 (1976). There we held the test to be applied is the substantial evidence test. *See generally Snowden v. Mayor and City Council,* 224 Md. 443, 445 (1961). Recently this Court, in considering the substantial evidence test and the scope of judicial review of administrative agencies' decisions, stated:

> A reviewing court may, and should, examine any inference, drawn by an agency, of the existence of a fact not shown by direct proof, to see if that inference reasonably follows from other facts which are shown by direct proof. If it does, even though the agency might reasonably have drawn a different inference, the court has no power to disagree with the fact so inferred.

> A reviewing court may, and should, examine any conclusion reached by an agency, to see whether reasoning minds could reasonably reach that conclusion from facts in the record before the agency, by direct proof, or by permissible inference. If the conclusion could be so reached, then it is based upon substantial evidence, and the court has no power to reject that conclusion.

> A reviewing court may, and should, examine facts found by an agency, to see if there was evidence to support each fact found. If there was evidence of the fact in the record before the agency, no matter how conflicting, or how questionable the credibility of the source of the evidence, the court has no power to substitute its assessment of credibility for that made by the agency, and by doing so, reject the fact.

*Commissioner v. Cason,* 34 Md. App. 487, 508 (1977).

Applying the above standards to the facts in this case, we conclude that the record before the Commission contains substantial evidence to support the Secretary's order that Hewitt violated Rule 7.

Hewitt specifically contends that:

> [b]ecause the contradicting evidence in the Commission record directly and strongly refutes Officer Stewart's report, the overwhelming conclusion is that the Secretary's order was not based on the substantiality of all the evidence.

We find no such strong refutation of Officer Stewart's report and testimony, nor contradictory evidence in the record. That no one saw Hewitt smoke marijuana; that none was found on his person; and that the urine test was negative is of no material significance in determining whether Hewitt was intoxicated. Similarly, the fact that Officer Stewart did not testify at the hearing before the Adjustment Team is irrelevant since he did testify and was cross-examined at the hearing before the Commission. *Bryant, supra,* at 370. Further the conclusion of the Commission that Hewitt's unsteady gait was insufficient proof that he was in fact "high", or under the influence of drugs, was not an assessment or impeachment of Officer Stewart's testimony. It was merely a conclusion of the Commission that an unsteady gait, without more, was insufficient proof that Hewitt was "high". We note that the Commission completely ignored the fact that Officer Stewart testified that his opinion was based not only on Hewitt's unsteady gait, but also on his slurred speech, constricted pupils and Hewitt's admission that he was "high".

Finally, the Commission's conclusion that Hewitt's admission of smoking marijuana was made under duress, as a result of heavy interrogation, finds no support in the record. Hewitt never testified that his admission was made under duress. The only reference to heavy interrogation is in the report of Officers Slaysman and Stewart in which they indicated that when Hewitt was advised that his admission

of smoking marijuana was sufficient for disciplinary action, he stated, "I will say I made the above statement because I was under heavy interrogation."

The role of the Secretary is not limited to adopting the conclusions of the Commission. He is permitted to draw his own inferences and conclusions from the facts in the record. Accordingly, we conclude that the Secretary's order had a sound factual basis and was based upon substantial evidence.

*Judgment affirmed.*
*Costs to be paid by appellant.*
*Mandate to issue forthwith.*