## AARON HOLSEY v. INMATE GRIEVANCE COMMISSION

[No. 565, September Term, 1982.]

*Decided September 2, 1982.*

The cause was submitted to MORTON, LOWE and WILNER, JJ.

Submitted by Aaron Holsey, in proper person, appellant.

No brief or appearance by appellee.

MORTON, J., delivered the opinion of the Court.

Under date of November 23, 1981, Aaron Holsey's previously filed inmate grievance was dismissed by the Inmate Grievance Commission (hereinafter Commission) for lack of merit. Holsey thereafter filed in the Baltimore City Court a petition for review of the Commission's decision. After a hearing before Judge Robert I. H. Hammerman, sitting without a jury, the decision of the Commission was affirmed.

Holsey's application for leave to appeal the decision of Judge Hammerman to this Court was granted in an order signed by Chief Judge Gilbert on June 15, 1982, and the case was transferred to the regular docket. The order further directed the appellant, Holsey, to notify the court's stenographer within ten days to prepare the stenographic transcript of the June 2, 1982, proceedings before Judge Hammerman in the Baltimore City Court, Maryland Rule 1026 a. 2, and upon the filing thereof be made a part of the record in this appeal. The order further provided that the brief of the appellant be filed by July 26, 1982, with the brief of the appellee, Inmate Grievance Commission, to be filed within thirty days after the filing of appellant's brief (Maryland Rule 1030 a. 2.).

Because the appellant Holsey has failed to comply with the mandate contained in the order of June 15, 1982, of this Court and the Maryland Rules of Procedure, his appeal must be dismissed. Maryland Rule 1035.

The purported brief filed by the appellant in this Court was received in our clerk's office on July 28, 1982, which was beyond the period specified in the order of June 15, 1982. In violation of Maryland Rule 1030 only one copy was submitted, and the copy was handwritten in violation of Maryland Rule 1031. These violations alone would be sufficient grounds to dismiss this appeal.

Above and beyond these infractions is the appellant's failure to submit a printed record extract as required by Maryland Rule 1028. The appellant recognizes his obligation under the rules to furnish a record extract but asserts that he is "an indigent State prisoner" without funds to pay for the preparation of the stenographic record of the proceedings. Appellant correctly points out that if this were a criminal case and he could establish his indigency, the transcript would be prepared and the costs thereof paid by the State of Maryland. Appellant's appeal, however, involves a civil case or proceeding and the State of Maryland has provided no mechanism or funds to pay the costs of civil appeals even where it is obvious that the individual seeking to

pursue the appeal cannot comply with the rule. But the rule is a meaningful one because without a transcript of the proceedings below this Court could not adequately appraise or judge the validity of either the appellant's contentions or the arguments of the appellee in opposition thereto. Proceeding without the transcript would be a disservice to all parties involved in the appeal.

It is at once apparent that the Maryland General Assembly has sought to protect and enhance the rights of individuals incarcerated in our State penal system. See Md. Ann. Code art. 41, § 204F. One of the rights specifically accorded an aggrieved inmate is his right to make application for leave to appeal an adverse decision of the trial court. The granting of an appeal to the inmate who is indigent seems to be purely illusory and, thus, no right at all.[1]

> *Appeal dismissed; costs to be paid by appellant.*

---

1. There is no challenge here to the constitutionality of the statute and we, of course, do not reach that issue.