AARON HOLSEY v. INMATE GRIEVANCE
COMMISSION

[No. 136, September Term, 1982.]

*Decided September 1, 1983.*

The cause was argued before MURPHY, C. J., and SMITH,
ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Alfred J. O'Ferrall, III, Deputy State Public Defender,*
with whom were *Alan H. Murrell, Public Defender, George
E. Burns, Jr.,* and *Julia D. Haskins, Assistant Public
Defenders,* on the Amicus Curiae brief. Brief filed in proper
person by appellant Holsey.

*Alan D. Eason, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Maryland Code (1957, 1982 Repl. Vol.), Article 41, § 204F established the Inmate Grievance Commission to adjudicate grievances or complaints of institutionalized prisoners against officials or employees of the State Division of Correction or the Patuxent Institution. The statute requires the Commission to hold a hearing on any grievance which, after preliminary review, is not on its face wholly lacking in merit. The Commission is required to record the testimony presented at the grievance hearing, to make findings of fact, and to indicate its conclusions and disposition of the case by a "decision . . . in the form of an order." The statute further provides that where the Commission's determination is that the complaint is lacking in merit and should be dismissed, an order of dismissal shall be entered and shall constitute the final decision of the Secretary of Public Safety and Correctional Services. § 204F (f) (1).[1] Section 204F (1) authorizes judicial review of the final decision of the Secretary by the circuit court of the county in which is located the institution where the complainant is confined. The circuit court's review is "limited to a review of the record of the proceedings before the Commission and the Secretary's order, if any" and is directed to a determination "of whether there was a violation of any right of the inmate protected by federal or State laws or constitutional requirements." § 204F (1). Section 204F (m) authorizes further judicial review of a final judgment of the circuit court by application for leave to appeal to the Court of Special Appeals under procedures "as prescribed by rule of the Court of Appeals."

---

1. COMAR, § 12.07.01.05 provides that the Commission's final order may be affirmed, reversed or modified by the Secretary and that the Secretary's order shall constitute the final decision for purposes of judicial review.

Maryland Rule 1095 entitled "Inmate Grievances — Application for Leave to Appeal" implements the provisions of § 204F (m). The rule provides that an application for leave to appeal shall be "from a final judgment or order in an inmate grievance proceeding"; that the application shall contain a concise statement "of the reasons why the judgment or order should be reversed or modified, and shall include a list of the errors allegedly committed by the lower court"; that the record on the application for leave to appeal "shall contain all the original papers and exhibits filed in the proceeding . . . [but] shall not include the stenographic transcript unless ordered by the Court"; and that the court may, prior to final action on the application, require the clerk of the lower court "to submit any portion of the stenographic transcript of the review below, and any additional information which this Court may wish to consider." Subsection c of the Rule provides that if the Court of Special Appeals grants leave to appeal, "unless the Court otherwise directs, further proceedings shall be had pursuant to this chapter as if the order granting leave to appeal were the order of appeal filed pursuant to Rule 1012 (Appeal — Times for Filing)."

(1)

Aaron Holsey, an institutionalized inmate, filed a grievance with the Commission, claiming that certain prison guards permitted other inmates to assault and harass him, that his "adjustment conviction" for allegedly assaulting another inmate was "not based upon substantial evidence and further, that he was unjustifiably denied witnesses" at the adjustment hearing. The Commission, after an evidentiary hearing, found Holsey's grievance to be without merit.

Holsey appealed to the Baltimore City Court and a stenographic transcript of the proceedings before the Commission was made part of the record before that court. After hearing argument, the Baltimore City Court (Hammerman, J.) affirmed the Secretary's decision.

Holsey thereafter filed an application for leave to appeal to the Court of Special Appeals. The record on the application for leave to appeal included a transcript of the evidentiary hearings before the Commission, as well as a copy of the Commission's decision. In his application, Holsey contended that the lower court erred by considering an "incomplete transcript" of the Commission's proceedings; by allowing a guard to bring him into court wearing leg irons and handcuffs; by refusing to require the court reporter to stenographically record his arguments; by limiting his time for argument; and by not sustaining his objections made at the hearing before the lower court.

The Court of Special Appeals granted Holsey's application and ordered the case transferred to its regular docket for argument. It also directed that Holsey notify the court reporter within the time and manner prescribed by Maryland Rule 1026 a 2 to prepare the stenographic transcript of the hearing before the Baltimore City Court. The order also directed that briefs be filed within a designated period. Thereafter, Holsey unsuccessfully sought to obtain a transcript of the proceeding in the lower court. Upon his failure to comply with the court's order to produce the stenographic transcript of the hearing before the Baltimore City Court, the Court of Special Appeals dismissed the appeal; it stated that "without a transcript of the proceedings below this Court could not adequately appraise or judge the validity of either the appellant's contentions or the arguments of the appellee in opposition thereto." *Holsey v. Inmate Griev. Comm'n*, 52 Md. App. 320, 322, 449 A.2d 427 (1982).

Holsey then filed a petition for a writ of certiorari, reasserting the various contentions raised before the Commission, the lower court, and the Court of Special Appeals. He also contended that in dismissing the appeal for failure to provide a stenographic transcript of the lower court proceedings, the Court of Special Appeals violated the state and federal constitutions because, as an indigent prisoner, he was without financial means to obtain the transcript to perfect his appeal. We granted certiorari.

## (2)

As heretofore indicated, the lower court's judicial review of the Commission's decision was a limited one. It was required by § 204F (1) to review the record of the Commission's hearing and determine therefrom whether there was a violation of any of Holsey's claimed rights which were protected by federal or state laws or constitutional requirements. No additional testimony or evidence was permitted to be introduced before the lower court and only argument of Holsey and the Commission was to be heard by the court.

Although § 204F (m) and Rule 1095 c offer little explicit guidance on the point, we think it implicit in these provisions, considered together, that where, as here, the application for leave to appeal is granted, and the case is transferred to the regular docket of the Court of Special Appeals for briefing and argument, the appeal will not be dismissed for failure of the indigent inmate, acting pro se, to provide a copy of the circuit court transcript. We think the statute and the rule together contemplate that in those instances where, for whatever reason, the Court of Special Appeals requires a transcript of the circuit court proceedings, it will direct the clerk, and not require the indigent inmate, to provide it. We think it equally implicit in the law governing indigent pro se appeals in inmate grievance cases that the Court of Special Appeals will exercise its discretion under Rule 1095 c and not require strict compliance with its rules governing appeals in other civil cases. The opinion of the Court of Special Appeals in this case suggests the possibility that that court overlooked the discretionary provisions of Rule 1095 c in dismissing Holsey's appeal.[2]

We think the interests of justice require that we remand the case to the Court of Special Appeals for further consideration and determination of the merits of Holsey's

---

2. Of course, this does not require that the Court of Special Appeals excuse serious violations of its rules that may serve to hinder or delay the efficient disposition of the appeal.

appeal. To avoid further delay, and to satisfy the apparent need of the Court of Special Appeals for a transcript of the proceedings of the Baltimore City Court, we have, sua sponte, ordered the transcript included as a part of the record in this case.

> *Judgment vacated; case remanded to the Court of Special Appeals for further proceedings in accordance with this opinion; costs to be paid by appellee; mandate to issue forthwith.*