487 A.2d 1189

**Warden George H. COLLINS**

v.

**Charles FOSTER.**

**No. 97, Sept. Term, 1984.**

Court of Appeals of Maryland.

Feb. 20, 1985.

---

Diana G. Motz, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen. and Zvi Greismann, Asst. Atty. Gen., Baltimore, on the brief), for appellant.

George E. Burns, Jr., Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellee.

Argued Before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and James C. Morton, Jr. Associate Judge of the Court of Special Appeals (retired), specially assigned.

SMITH, Judge.

We shall here hold that the District Court may dismiss a claim for failure to exhaust administrative remedies.

The action arose when Charles Foster, an inmate of the Maryland Penitentiary, filed a claim in the District Court

against the warden of that institution alleging a lack of dental treatment. Trial was scheduled for September 23, 1983. On September 16, 1983, the warden filed a motion to dismiss, asserting that the District Court was without jurisdiction because the inmate had failed to exhaust his administrative remedies under the Inmate Grievance Commission statute, Maryland Code (1957, 1982 Repl.Vol., 1983 Cum. Supp.) Art. 41, § 204F. Subsection *l* specifically provides, "No court shall be required to entertain an inmate's grievance or complaint within the jurisdiction of the Inmate Grievance Commission unless and until the complainant has exhausted the remedies as provided in this section." The doctrine that administrative remedies ordinarily must be exhausted before a court will take cognizance of a complaint is well established in our case law. *See, e.g., Oxtoby v. McGowan,* 294 Md. 83, 91, 447 A.2d 860, 864–65 (1982); *Prince George's Co. v. Blumberg,* 288 Md. 275, 283, 418 A.2d 1155, 1160 (1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981). The motion specifically noted that Foster had filed a claim with the Commission but this claim had not yet been scheduled for hearing. The District Court granted the motion to dismiss.

Foster appealed to the Circuit Court for Baltimore City. That court reversed and remanded the proceeding to the District Court for trial. The circuit court said, in pertinent part:

"The defendant's 'motion to dismiss' is in the nature of a motion raising a preliminary objection. The Maryland District Rules and the law make no provision for such a motion. See G.W. Liebmann, *Maryland Practice, District Court Law and Procedure,* § 263 at p. 324–5 (1976). As pointed out in the pocket supplement, the Court of Appeals rescinded MDR 323, Motion Raising Preliminary Objection, on May 5, 1976.

"Except with respect to voluntary dismissal, MDR 541, the only motion to dismiss permitted in the District Court is under MDR 535. A motion under this rule can only be made after the party against whom it is made has intro-

duced his evidence at trial. The District Court was without power to dismiss the plaintiff's statement of claim without first giving him the opportunity to present evidence to support his claim."

We granted the Warden's petition for a writ of certiorari so that we might address the important public issue here presented.

There was indeed a short-lived Maryland District Rule 323 providing for a motion raising preliminary objection in the District Court. It appears to have been included by accident in the 52nd Report of our Standing Committee on Rules of Practice and Procedure. Immediately after the publication of the 52nd Report, which recommended the adoption of MDR 323, a letter from a member of the District Court subcommittee called to the attention of the reporter to the committee that the full committee had rejected such a rule. In fact, the chairman of the subcommittee involved had previously advised the reporter that it might well be "that the [then] Maryland District Rule 321 [was] sufficient authority for the filing of a motion of this nature and that there [was] no need for a separate rule on the subject." The reminder to the reporter that the committee had not adopted the rule was not brought to our attention with comments on the rule. Accordingly, this Court passed an order on March 12, 1976, adopting the 52nd Report, which included MDR 323. Then the matter was called to our attention and on May 5, 1976, we passed an order pertaining to rules including a rescission of Maryland District Rule 323, stating that it "ha[d] been inadvertently included among the Rules adopted by Order of this Court dated March 12, 1976, and published in 3 Md.R. 397 ...." Thus, under the circumstances, the fact that there was such a rule which was rescinded provides no support for Foster's position.

Former Maryland District Rule 321 (now Rule 3–311) provided that a motion, unless made in open court, should be made in writing, should state with particularity the

grounds therefor, and should set forth the relief or order sought.[1] It further provided that if a party filing a motion filed with it a request for hearing, or another party filed such a request within five days after service of the motion upon him, the court might in its discretion hear the motion before trial or at the time of trial. It stated, "If no hearing is requested, the court may decide the motion without a hearing at any time and shall promptly notify the parties of its decision." Former MDR 535, to which Foster has alluded, provided:

> "Any party, without waiving his right to offer evidence if the motion is not granted, may move at the close of the evidence offered by an opponent for a dismissal on the ground that upon the facts and the law he has shown no right to relief. Unless the court otherwise specifies, a dismissal granted upon such a motion operates as an adjudication upon the merits."

That rule is concerned with trial. It is not applicable to the case at bar.

In *Sullivan v. Insurance Comm'r*, 291 Md. 277, 281, 434 A.2d 1024, 1026–27 (1981), Judge Rodowsky stated for the Court, "[A] court has jurisdiction to determine the issue of its own jurisdiction to proceed." To similar effect see *Highfield Water Co. v. Wash. Co. San.*, 295 Md. 410, 415–16, 456 A.2d 371, 374 (1983); *Medical Examiners v. Steward*, 207 Md. 108, 111, 113 A.2d 426, 427 (1955); *Loughran v. Warden*, 192 Md. 719, 724, 64 A.2d 712, 715 (1949); and *Sandler v. Tarr*, 345 F.Supp. 612, 615 (D.Md.), *aff'd*, 463 F.2d 1096, *cert. denied*, 409 U.S. 990, 93 S.Ct. 321, 34 L.Ed.2d 257 (1972). While failure to exhaust administrative remedies does not technically go to the subject matter jurisdiction of a court, nevertheless we have treated it like a jurisdictional issue. *Oxtoby*, 294 Md. at 91, 447 A.2d at 864–65.

---

1. Maryland District Rules 321 and 535 were rescinded in the rules revision as of July 1, 1984. Rule 3–311 replaced MDR 321.

Proceedings before the District Court are not intended to have the formality of proceedings in a circuit court. Given that fact, the proposition that courts have inherent power to determine their own jurisdiction, and the provisions of former MDR 321, we believe that the District Court properly dismissed this action. We concur in the expression of opinion of the subcommittee of the Rules Committee charged with consideration of a possible rule raising preliminary objection that the then "Maryland District Rule 321 [was] sufficient authority for the filing of a motion of this nature and that there [was] no need for a separate rule on the subject."

JUDGMENT REVERSED; APPELLEE TO PAY THE COSTS.