**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MAURICE T. GAY,
Plaintiff-Appellant,

v.

HOWARD GRANT; THOMAS CARTER;
ROBERT CHAMBERS; THOMAS
STEWART; CORPORAL LOCKLEY,
Defendants-Appellees.

No. 95-6801

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Williams, Jr., District Judge.
(CA-93-2470-AW)

Argued: March 8, 1996

Decided: April 8, 1996

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Stephen John Cullen, MILES & STOCKBRIDGE, Balti-
more, Maryland, for Appellant. Kathleen Susan Hoke, Staff Attorney,
OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland,
for Appellees. **ON BRIEF:** J. Joseph Curran, Jr., Attorney General
of Maryland, Carmen M. Shepard, Assistant Attorney General,
OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland,
for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Maurice T. Gay, an inmate at the Maryland Correctional Adjustment Center,**1** complained to Maryland's Inmate Grievance Office (IGO) that four correctional officers assaulted him and denied him medical care. After two adversary hearings at which witnesses testified under oath and at which Gay was allowed to call and cross-examine witnesses, the IGO found Gay's allegations to have no basis in fact. Gay did not take an administrative appeal, nor did he seek review of the IGO's findings in state court pursuant to Md. State Gov't Code Ann. § 10-222. Instead, he filed suit under 42 U.S.C. § 1983 in federal district court. In his complaint he realleged the claims previously denied by the IGO, and he claimed that the administrative law judge who presided over the second hearing denied him due process of law by cutting that hearing short. The ALJ ended the second hearing after Gay attempted to question witnesses about irrelevant issues and after Gay insulted a witness and the ALJ. The ALJ had warned Gay that his continued disruptive behavior would force her to terminate the hearing.**2**

In the § 1983 action the magistrate judge recommended that summary judgment be entered in favor of the defendants because Gay chose to pursue his claims before the IGO and because Gay's claims were found to be meritless after he was given a full and fair opportunity to litigate them. After de novo review the district judge adopted

_____

**1** This prison is Maryland's "Supermax" facility, used to house the most violent and disruptive male inmates.

**2** When the ALJ ended the second hearing, Gay had called all of his witnesses but one, the prison's custodian of medical records. The ALJ found, "Even if [the] hearing had proceeded to its conclusion, it [was] apparent from the testimony of record that [Gay] would have been unable to sustain his burden."

2

the magistrate's report and recommendation and ordered summary judgment to be entered in favor of the defendants.

We agree with the magistrate and district judges that because the IGO proceedings were judicial in nature, were fairly conducted, and would be given preclusive effect by Maryland courts, Gay is collaterally estopped from using § 1983 to relitigate facts and issues decided against him in the earlier proceedings. See University of Tennessee v. Elliott, 478 U.S. 788, 797-98 (1986); United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422 (1966); Layne v. Campbell County Dep't of Social Servs., 939 F.2d 217, 219 (4th Cir. 1991); Batson v. Shiflett, 602 A.2d 1191, 1200 (Md. 1992). Furthermore, the ALJ's decision to end the second hearing did not deny Gay due process of law, see Kremer v. Chemical Constr. Corp., 456 U.S. 461, 482-83 (1982), because due process does not require that Gay be allowed to disrupt the hearing he was granted, see Bell v. Wolfish, 441 U.S. 520, 547 (1979).

Accordingly, we affirm on the thorough reasoning of the magistrate judge, whose report and recommendation were adopted by the district judge.

AFFIRMED

3