Antron BATTS, # 221–308, Plaintiff,

v.

Captain Samuel LEE, et al., Defendants.

Civil No. AMD 95–2135.

United States District Court,
D. Maryland.

Nov. 22, 1996.

Antron Batts, Baltimore, MD, for plaintiff.

Glenn T. Marrow, Assistant Attorney General, Baltimore, MD, for defendants.

### ORDER

DAVIS, District Judge.

For the reasons set forth in the REPORT AND RECOMMENDATION of United States Magistrate Judge Susan K. Gauvey,

filed October 30, 1996, no objections thereto having been filed by any party, it is this 21st day of November, 1996, by the United States District Court for the District of Maryland,

1) ORDERED that the REPORT AND RECOMMENDATION BE, and it hereby IS ADOPTED AND AFFIRMED; and it is further

2) ORDERED that the Defendants' Motion for Summary Judgment BE AND IT HEREBY IS GRANTED; and it is further

3) ORDERED that JUDGMENT BE AND HEREBY IS ENTERED IN FAVOR OF DEFENDANTS; and it is further

4) ORDERED that the Clerk of the Court shall CLOSE THIS CASE, and MAIL a copy of this Order to the Plaintiff and the attorneys of record for Defendants.

### *REPORT AND RECOMMENDATION*

GAUVEY, United States Magistrate Judge.

This is a § 1983 case. Currently before the Court is defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Paper No. 10) and plaintiff's opposition thereto (Paper No. 12).[1] A telephonic hearing on defendants' motion was held before me on July 8, 1996. Mr. Batts and counsel for defendants, Assistant Attorney General Glenn T. Marrow, participated in the hearing. Subsequent to the July hearing, defendants filed two supplemental memoranda of law in support of their Motion for Summary Judgment (Paper Nos. 18 and 21) to which plaintiff has filed an opposing memorandum (Paper No. 22).

By Order dated February 28, 1996 and pursuant to the provisions of 28 U.S.C. § 636, the case has been referred to the undersigned United States Magistrate Judge for recommendations as to the determination of the above motions. (Paper No. 15). For the reasons set forth in detail below, I will recommend that defendants' Motion for Summary Judgment be granted.

---

1. Defendants' motion shall be construed as a Motion for Summary Judgment in light of their reliance on materials outside of the scope of their pleadings. Fed.R.Civ.P. 12(c).

## I. Background

Antron Batts is an inmate at the Maryland Correctional Adjustment Center ("MCAC"). Mr. Batts has sued Captain Samuel Lee, Assistant Warden Joseph Wilson and Warden Eugene Nuth, all of MCAC. He seeks suspension of Captain Lee for three days and $2,000,000.00 in damages for the pain and suffering he endured when allegedly unlawfully placed in MCAC's cadre or isolation unit. (Paper No. 1 at 3). He also requests that the Court appoint counsel.

Batts alleges that on May 7, 1995 at approximately 9:15 a.m., while incarcerated at MCAC, Lee ordered him to dismiss an Administrative Remedy Procedure request ("ARP") he had initiated against another MCAC correctional officer. (Paper No. 1 at 3). Batts states that he did not reply to Lee's request and thereafter he was taken to an isolation unit. Batts claims that Captain Lee then told him that "if he didn't [dismiss the ARP] [Lee] would put him in isolation to think about it." Upon refusing to dismiss the ARP, Batts alleges that he was stripped of his clothing, confined in full restraints—handcuffs, leg irons and a waist chain—and placed in an isolation unit where he remained for approximately twenty-nine hours.

On August 21, 1995, Batts filed a claim with the Inmate Grievance Office ("IGO") concerning his alleged unlawful restraint and transfer to the isolation unit. A hearing was held before an Administrative Law Judge ("ALJ") to consider the merits of Batts' allegations. After considering the evidence presented at the hearing and the arguments of the parties, the ALJ found that Batts presented "no credible evidence to substantiate [his contention that Lee placed him in isolation in retaliation for his refusal to withdraw a lawsuit]." (Paper No. 18, Exhibit 1(A) at 5). Rather, the ALJ concluded that:

> Captain Lee ordered that [Batts] be placed in isolation because he had a credible report from a physician's assistant [Rhonda Hawkins] that he had caused a disturbance on A-pod. Although [Batts] was later found not guilty of this offense at an Adjustment Hearing, Captain Lee acted in good faith. He believed that the Grievant needed to cool off, an appropriate reason to place an inmate in isolation.

*Id.* at 5–6. The ALJ further found that the Division of Correction followed established procedures while Batts was in isolation. *Id.* at 6. Specifically, the ALJ rejected Batts' claims that while in isolation he was not permitted to urinate and defecate because he was restrained in three-point restraints and that he was not evaluated by psychiatric personnel as required under Division of Correction regulations. *Id.* On July 1, 1996, the Circuit Court for Baltimore City affirmed the ALJ's decision in open court. (Paper No. 18, Exhibit 1).

While the defendants initially defended this case on the merits and sought summary judgment on a variety of grounds,[2] in their latest submissions, the defendants assert that they are entitled to summary judgment because Batts is precluded from relitigating the claims he made to the ALJ and Circuit Court. (Paper Nos. 18 and 21). Batts was provided with a *Roseboro* notice[3] of defen-

---

**2.** Defendants in the present case concede that Batts was placed in the isolation unit and confined in restraints. (Paper No. 10 at 3). They allege, however, that these actions were taken in response to Batts' "disrespect" of prison medical personnel. *Id.* In their initial Motion for Summary Judgment they urged that summary judgment should be granted in this case because:

 1. Batts has failed to allege deprivation of a right which would entitle him to relief under § 1983:

 a) Batt's complaint does not state a cognizable claim under the Eighth Amendment as the defendants' alleged conduct was neither objectively inhumane nor meted out with the requisite intent to punish;

 b) Batts has not shown that his confinement in the isolation unit imposed an "atypical and significant hardship" necessary to establish violation of his due process rights under the Fourteenth Amendment;

 2. Batts has failed to allege how defendants personally participated in his alleged injuries; and

 3. Defendants are entitled to qualified immunity.

(Paper No. 10 at 4–12).

**3.** *See Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975) (summary judgment based upon failure to submit affidavits and supporting allegations cannot be granted unless *pro se* party against whom judgment is entered is informed of right, and given reasonable opportunity to file counter-affidavits or other appropriate materials).

dants' additional argument for summary judgment. (Paper No. 17). Batts filed a motion in opposition to defendants' two supplemental memoranda. (Paper No. 22). In this motion, Mr. Batts argues that he is not precluded from pursuing his claims in federal court because the IGO hearing was not conducted in a fair and impartial manner and because the IGO had no authority to grant monetary awards.

For reasons set forth below, the Court agrees with the defendants and rules that plaintiff is collaterally estopped from relitigating the issues raised in the state administrative proceedings. Since the Court finds that the plaintiff raised the same issues in the administrative hearing, as raised in this § 1983 action, the defendants are entitled to summary judgment.

## II. Standard of Review

Summary judgment under Federal Rule of Civil Procedure 12(b)(6) is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party initially bears the burden of proof. *Pulliam Invest. Co. v. Cameo Properties,* 810 F.2d 1282, 1286 (4th Cir.1987). A moving party who will not have the burden of proof at trial, however, need only point to the insufficiency of the other side's evidence, thereby shifting to the nonmoving party the burden of raising a genuine issue of fact by substantial evidence. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 323, 106 S.Ct. 2548, 2552, 2553, 91 L.Ed.2d 265 (1986).

In considering defendants' motion, the Court views the underlying facts and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The mere existence of a "scintilla of evidence," however, is not enough to frustrate a motion for summary judgment. In order to defeat such a motion, the pleading must show evidence from which the finder of fact could reasonably find for the party opposing judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment for the opposing party is proper. *Celotex Corp.,* 477 U.S. at 322, 323, 106 S.Ct. at 2552, 2552. If resolution of a material fact depends upon a credibility determination, summary judgment is inappropriate. *Gray v. Spillman,* 925 F.2d 90 (4th Cir.1991).

## III. Discussion

### The Preclusive Effect of the State Proceedings

■ Federal courts are generally required under the Full Faith and Credit Statute, 28 U.S.C. § 1738 (1988), to accord state court judgments which affirm state administrative agency decisions the same issue and claim preclusive effect in subsequent § 1983 actions as they would be entitled in the state which rendered the decision. *Davenport v. North Carolina Dept. of Transportation,* 3 F.3d 89, 92 (1993) (*citing Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Batts argues, however, that he should not be prevented from litigating the present suit because the prior IGO hearing was not conducted in a fair and impartial manner. Specifically, Batts claims that material evidence was ignored and not allowed and he was denied key witnesses. (Paper No. 22 at 2).

■ Where a litigant is not provided a full and fair opportunity to pursue a claim in a prior state action, federal courts are not required under § 1738 to give the state judgment the same preclusive effect as the judgment state might. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 480–81, 102 S.Ct. 1883, 1896–97, 72 L.Ed.2d 262 (1982); *Lee v. Winston,* 717 F.2d 888 (4th Cir.1983), *aff'd,* 470 U.S. 753, 105 S.Ct. 1611, 84 L.Ed.2d 662 (1985). "But ... the state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Kremer,* 456 U.S. at 482, 102 S.Ct. at 1898.

■ In determining whether a litigant was provided a full and fair opportunity to pursue his or her claim, the Supreme Court has looked to the overall procedural rights accorded the litigant in the proceeding. *Id.* at 483–85, 102 S.Ct. at 1898–99. A review of the procedural scheme of the state proceedings in the present case plainly shows that Mr. Batts was provided a full and fair opportunity to pursue his claim in the state administrative and judicial systems.

An inmate within the custody of the Maryland Division of Correction ("DOC") who has a grievance or complaint against any official or employee of the DOC has the right to petition the IGO regarding the grievance. Md.Ann.Code of 1957, art. 41, § 4–102.1(c) (1993). Where the IGO determines that, upon preliminary review, the grievance or complaint is not wholly lacking in merit, the inmate has a right to a hearing on his or her complaint before Maryland's Office of Administrative Hearings ("OAH").[4] Md.Ann. Code of 1957, art. 41, § 4–102.1(e) (1993). Mr. Batts exercised these rights and was provided a hearing before the OAH regarding his grievance. (Paper No. 18, Exhibit 1(A)).

Batts was entitled to reasonable notice of the hearing and advisement of his procedural rights with respect to the hearing. Md.Code Ann., State Gov't § 10–208 (1995); Md.Regs. Code tit. 28, § 02.01.05 (1995). He was entitled to take discovery and subpoena witnesses. Md.Regs.Code tit. 28, § 02.01.10–11 (1995). Batts had a right to appear at the hearing and be represented by an attorney—at his own cost—or other non-lawyer representative. Md.Code Ann., State Gov't § 10–206.1 (1995); Md.Regs.Code tit. 28, § 02.01.09 (1995). At the hearing, Batts had the right to call witnesses, offer evidence, cross-examine witnesses who testified and make an opening and closing statement. Md.Ann.Code of 1957, art. 41, § 4–102.1(g) (1993); Md.Regs.Code tit. 28, § 02.01.17 (1995).

A record is made of the hearing, and a case record is compiled which consists of, *inter alia,* any evidence received or considered by the ALJ. Md.Code Ann., State Gov't § 10–218 (1995); Md.Ann.Code of 1957, art. 41, § 4–102.1(e) (1993); Md.Regs.Code tit. 28, § 02.01.23 (1995). Batts had a right to a written decision by the ALJ, setting forth findings of fact and conclusions of law. Md. Code Ann., State Gov't §§ 10–220–21 (1995).

Batts was also entitled to judicial review of the ALJ's decision. Md.Ann.Code of 1957, art. 41, § 4–102.1(k) (1993). Batts had the right to challenge the factual findings and legal conclusions of the ALJ in the state Circuit Court as well as challenge alleged irregularities in procedure. Md.Code Ann., State Gov't § 10–222(g) (1995). He had a right to submit briefs or present oral argument to the Circuit Court. *Id.* Finally, Batts was entitled to petition Maryland's Court of Special Appeals for an application for leave to appeal the decision of the circuit court. Md.Ann.Code of 1957, art. 41, § 4–102.1(*l* ) (1993).

■ That Mr. Batts has not availed himself of some of these procedural rights "does not constitute a sign of their inadequacy." *Kremer,* 456 U.S. at 485, 102 S.Ct. at 1899. Moreover, the record reveals that Batts exercised most of these rights. In his January 5, 1996 written decision, the ALJ stated that Batts was provided a hearing on his allegations; that he participated in the hearing and was represented by an another inmate, Lamont Jackson; that Batts offered one exhibit into evidence which was admitted; and that Batts testified on his own behalf and called Captain Lee as an adverse witness. The ALJ's report notes that, prior to the hearing, Batts was given an opportunity to review all of the relevant documents in the IGO file. There is no indication in the ALJ's report that Batts offered any additional testimony or documents at the hearing in support of his case, that any evidence was excluded or that

---

**4.** As the Attorney General correctly notes, the IGO and OAH are independent bodies which are not subject to the direction of the DOC. *See* Md.Ann.Code of 1957, art. 41, § 4–102.1(a) (1993) (the IGO is established as a "separate agency" within the Department of Public Safety and Correctional Services); Md.Code Ann., State Gov't § 9–1602 (1995) (OAH is an "independent unit" in the executive branch); Md.Code Ann., State Gov't § 9–1605(b) (1995) (ALJs may not be subject to supervision or direction of agency officers or employees).

the ALJ in any other way restricted Batts from presenting his case. Mr. Batts and his representative, Mr. Jackson, were provided a copy of the ALJ's decision and advised of Mr. Batts' appellate rights. Batts exercised his right to judicial review of the ALJ's decision.[5] To the extent that Batts was denied any procedural rights, as he appears to allege, he had a remedy—challenge the ALJ's decision on these grounds. *See* Md.Code Ann., State Gov't § 10–222(g) (1995) (inmate may base appeal to circuit court on grounds of procedural irregularity before ALJ which does not appear on the record). There is no indication before the Court that he did.

In short, Batts was plainly provided sufficient process. Accordingly, plaintiff's charge that the administrative hearing was deficient under due process principles does not deprive the factual findings of the ALJ or the subsequent judgment of the Circuit Court of their preclusive effect and their entitlement to full faith and credit. *See Bethesda Ford, Inc. v. Ford Motor Co.,* 572 F.Supp. 623, 628 (D.Md.1983) ("In the [administrative hearing] Bethesda Ford was represented by counsel, had a full opportunity to cross examine witnesses, introduced several days of testimony and numerous exhibits, and received an eleven page opinion. These procedures certainly satisfy the elementary standards required by *Kremer*.").

 The question thus becomes what preclusive effect, if any, would a Maryland state court give the Circuit Court's judgment if the present § 1983 action were pending before it. *Davenport,* 3 F.3d at 92. Under Maryland law, preclusion principles apply to the judgment of a court which affirms or reverses administrative determinations, *Esslinger v. Baltimore City,* 622 A.2d 774, 781 (Md.Ct.Spec.App.1993), and a party will be

collaterally estopped from relitigating issues decided in such an adjudication where: (1) the issue raised in the prior action is identical with the issue presented in the action in question; (2) there is a final prior judgment on the merits; and (3) the party against whom estoppel is asserted was a party to the prior litigation. *Alston v. Robinson,* 791 F.Supp. 569, 578 (D.Md.1992). These elements are met in this case.

The decision of the Circuit Court was final, valid and on the merits, and Batts was a party to the state litigation. Further, the issues of whether Lee retaliated against Batts and whether DOC policies were violated were actually litigated and essential to the Circuit Court's judgment affirming the ALJ's decision. These factual findings are fatal to any First or Eighth Amendment claims Batts has made to this Court. *See Williams v. Benjamin,* 77 F.3d 756, 760–61 (4th Cir.1996) (to establish Eighth Amendment excessive force claim, plaintiff must show that force was applied "maliciously and sadistically for the very purpose of causing harm"; to show conditions-of-confinement claim, plaintiff must establish that officials acted with deliberate indifference); *Huang v. Bd. of Governors,* 902 F.2d 1134, 1140 (4th Cir.1990) (to establish First Amendment/right to petition claim based upon retaliation, plaintiff must show that retaliation was the substantial or motivating factor for curtailing a First Amendment right).[6]

 Mr. Batts has additionally argued that preclusion principles should not apply in this case because his remedies in the state action were not the same as his remedies in the present § 1983 action. (Paper No. 22 at 2). Specifically, Batts asserts that unlike federal courts in a § 1983 action for personal injuries, the IGO was not authorized to

---

**5.** Mr. Batts has not contested the accuracy of the ALJ's report. Other than alleging in his responsive motion that evidence was ignored and not allowed, and that he was denied key witnesses, Batts offers no evidence to support his allegation that he was not provided a fair hearing. Despite being provided a *Roseboro* notice, Batts has not filed an affidavit in support of this claim. Nowhere does Batts identify which witnesses were

allegedly excluded or what evidence was allegedly ignored or not admitted. In short, Batts does not identify, with any specificity, a single infirmity in the ALJ's hearing, much less, any infirmity in the subsequent review by the Circuit Court.

**6.** This claim is also without merit. *See Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1994) (finding that

award money damages.[7] *Id.*

 Although limitations upon a litigant's ability to seek a certain form of relief may be a reason for not finding disposition of a prior action res judicata or claim preclusive,[8] collateral estoppel or issue preclusion may nonetheless apply.

Issue preclusion presents entirely different considerations from claim preclusion. *Bethesda Ford*, 572 F.Supp. at 632. It is narrower than claim preclusion insofar as it does not bar all claims arising from a transaction, but only those issues which were necessary to the determination and actually litigated. However, because issue preclusion is not a transactional bar, there is no analogous requirement that the parties seek unified disposition of all claims arising from the transaction; and therefore, there is little reason to require that the prior tribunal have the same power to award relief as the subsequent tribunal.

*Bethesda Ford* is directly on point. Applying Maryland law, Judge Young held that where a state administrative agency (Maryland's Motor Vehicle Administration) did not have authority to award the relief sought by parties to a subsequent federal action, res judicata did not apply, even though the successive claims arose from the same transaction. *Id.* at 631–32. Nevertheless, Judge Young held that issues necessary to the

agency's determination were entitled to preclusive effect. In reaching this conclusion, this Court noted that "[t]he fact that issue preclusion is being sought in an action over which the prior tribunal would not have subject matter jurisdiction is not necessarily fatal to its assertion." *Id.* at 632. Rather, the primary concern is " 'whether the issue was actually recognized by the parties as important and by the trier of fact as necessary to the first judgment.' " *Id.* (*quoting* Restatement (Second) of Judgments § 27 comment j (1982)).

Whether Lee retaliated against Batts, and whether DOC regulations were violated, were issues essential to the ALJ's resolution of the case as well as the Circuit Court's subsequent review of the ALJ's decision. Moreover, these issues were plainly recognized by the parties as important to disposition of the action and there was sufficient incentive for the parties to pursue these issues. *Compare McCulty v. Rockefeller*, 570 F.Supp. 1455, 1460 (S.D.W.Va.1983) ("[T]he finality of the administrative law judge's decision gave plaintiff's sufficient incentive to present their case fully in the administrative proceedings.") *with* Md.Ann.Code of 1957, art. 41, § 4–102.1(k) (1993) (Secretary's decision constitutes final agency decision); *Hewitt v. DPSCS*, 382 A.2d 903, 905 (Md.Ct. Spec.App.1978) (agency's fact finding is to be

---

inmates have no constitutional right to grievance procedures voluntarily established by the state).

**7.** Whether the IGO could have awarded Batts money damages is in dispute. *See* Md.Regs.Code tit. 12, § 07.01.11(C) (1995) (IGO is permitted to award monetary damages to an inmate as long as funds are appropriated or otherwise properly available for this purpose); *McCullough v. Wittner*, 314 Md. 602, 552 A.2d 881, 885–86 (1989) (same). Even if the ALJ was not empowered to grant monetary relief, the Circuit Court that reviewed the ALJ's decision may have this authority. *See* Md.Ann.Code of 1957, art. 41, § 4–102.1(k) (1993); Md.Ann.State Gov't, § 10–222(h)(3) (1995). However, the Court need not decide whether the IGO or the Circuit Court has the authority to issue monetary damages as a matter of law and whether this remedy, if legally available, was available to Mr. Batts.

**8.** Maryland has adopted the "transactional" approach to claim preclusion, under which successive claims will generally be barred where they

are based upon the same "transaction." *Cassidy v. Bd. of Educ.*, 316 Md. 50, 557 A.2d 227 (1989). Maryland's Court of Appeals has held, however, that under the transactional approach, "[e]quating a claim with a transaction" is "justified only when the parties have ample procedural means for fully developing the entire transaction in the one action going to the merits to which plaintiff is ordinarily confined." *Kent Cty. Bd. of Educ. v. Bilbrough*, 309 Md. 487, 525 A.2d 232 (1987). "Part and parcel of being afforded 'ample procedural means' in an initial action . . . is also being able to pursue all of one's remedies in that action." *Esslinger*, 622 A.2d at 782. *Compare Dionne v. Mayor and City Council of Baltimore*, 40 F.3d 677, 683–684 (4th Cir.1994) (applying federal common law, court finds that unreviewed state administrative proceeding does not have claim preclusive effect in subsequent § 1983 action arising out of same transaction where litigant was unable "to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the [administrative agency].").

given deference upon judicial review, and reversal or modification is permitted only for error of law or where agency's final decision is not based upon substantial record evidence).

Based upon this Court's reasoning in *Bethesda Ford,* I find that even if the ALJ was not empowered to award monetary relief, Batts is collaterally estopped from relitigating the issues decided by the ALJ and affirmed by the Circuit Court. *Compare Gay v. Grant,* Civil No. 95–6801, 1996 WL 160778 (4th Cir. April 8, 1996) (unpublished) (per curiam) (holding that unreviewed IGO factual findings are entitled to preclusive effect in subsequent § 1983 action in federal court); and *Holsey v. Smith,* Civil No. K–94–1514.[9] Resolution of these issues by the IGO and Circuit Court is fatal to the claims Batts' has made in this case. Drawing all justifiable inferences in favor of Mr. Batts and accepting all of his allegations as true, I will therefore recommend that summary judgment be granted in favor of defendants.

### IV. Conclusion

For the foregoing reasons, it is recommended that upon expiration of the time to take exception to this Report, the Court enter an Order GRANTING defendants' Motion for Summary Judgment.

DATE: October 30, 1996.

---

**9.** Pursuant to Fourth Circuit Local Rule 36(c), a copy of *Gay v. Grant* and *Holsey v. Smith* is attached.