526 A.2d 963

**NORTHEAST PLAZA ASSOCIATES et al.**

v.

**PRESIDENT and COMMISSIONERS of the TOWN OF NORTH EAST et al.**

**No. 124, Sept. Term, 1986.**

Court of Appeals of Maryland.

June 19, 1987.

Dwight E. Thomey (Baker & Thomey, P.A., on the brief), Elkton, for appellant.

Thomas L. Kemp (Kemp & Kemp, P.A. and Douglas R. Cain, on the brief), Elkton, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH *, McAULIFFE and ADKINS, JJ.

MURPHY, Chief Judge.

This case focuses upon the procedure to be followed when a municipality undertakes to place newly annexed land in a zoning classification that permits uses substantially different from the applicable county master plan prior to annexation.

I

On November 18, 1985, Commercial Center Development Corporation (CCDC) asked the Commissioners of the Town of North East to annex approximately eighty acres of largely unimproved land. CCDC also requested that the Town Commissioners, during the annexation process, change the zoning on this parcel from Cecil County's light industrial to the town's commercial and multifamily residential. These changes would allow the CCDC to build first a shopping center and later apartments and townhouses.

---

* COUCH, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

The Town Commissioners scheduled a public hearing for January 20, 1986 and published the required notice.

At the hearing, the Commissioners heard testimony for and against the proposed annexation and rezoning. The Town Administrator made a brief oral statement about the effect of the annexation on municipal services; no written description of the extension of services was, however, available for public inspection. Although the town's Planning Commission did not hold a public hearing on the proposed rezoning, it recommended approval at its January 27, 1986 meeting.

On February 4, 1986, the Cecil County Commissioners passed a resolution approving the proposed zoning changes. Although the county's Planning Commission did not review the proposed rezoning or make any recommendation, the county's Director of Planning and Economic Development advised the County Commissioners that, in his opinion, the proposed changes were consistent with the county's Comprehensive Zoning Plan. Later the same day, the Town Commissioners held a special meeting and approved a resolution giving final approval to the annexation and rezoning.

Northeast Plaza Associates (Associates), an owner of land adjacent to the annexed parcel but outside the Town of North East, filed a declaratory judgment action challenging the validity of the annexation and rezoning; it named as defendants the President and Commissioners of the Town of North East, the Board of County Commissioners of Cecil County, Sun-op, Inc.—the record owner, and CCDC—the developer. According to Associates, neither the Cecil County Commissioners nor the North East Town Commissioners followed the required procedures for rezoning individual parcels of land. Thus, Associates asked the court to declare the rezoning invalid. In addition, Associates alleged that the Town Commissioners made procedural errors in the annexation process that rendered the annexation void.

The trial court (Cole, J.), in an order declaring the rights of the parties, viewed the annexation and rezoning as two

separate processes. It found the following defects in the annexation process: The public notice incorrectly listed the effective date of the annexation, and the Town Commissioners did not provide the statutorily required "outline" for extension of municipal services to the annexed area. The court held, however, that Associates had no standing to challenge these defects because it was neither located in North East nor did it reside or own property in the area to be annexed.

The court then determined that the proposed change in zoning classifications was substantial and that neither Cecil County nor North East had demonstrated sufficient change in circumstances or mistake in the original zoning to justify such a change. The court held, however, that the Town could zone newly annexed land as if it had never been zoned. The court also determined that the County Commissioners did not have to follow any particular zoning procedures in deciding whether to approve the Town's request to change the zoning of the annexed land. Although it reached these issues, the court also held that Associates could not challenge the rezoning in a declaratory judgment action, but should have exhausted administrative remedies available to it under § 9–6 of Article 9 of the Town's Zoning Ordinance.[1] Associates appealed from the trial court's judgment. We granted certiorari prior to argument in the Court of Special Appeals.

## II

A complex set of statutory provisions govern annexation and zoning. Municipal corporations have the authority to annex adjoining territory by following the procedure prescribed by Maryland Code (1957, 1987 Repl.Vol.) Art. 23A, § 19. Either the municipality's legislative body or the

---

1. In pertinent part, § 9–6 provides that the Board of Appeals shall "hear and decide appeals where it is alleged there is an error in any order requirement, decision, or determination made by the building inspector or any other Town administrative official in enforcement of this Ordinance."

voters and property owners in the area to be added may propose annexation. § 19(b)(1), (c). After such a proposal is made, the statute mandates, among other things, the giving of public notice to those in the affected area; requires a description of the "proposed change and the conditions and circumstances applicable"; requires a public hearing on the annexation resolution; and requires that a copy of the public notice be provided to the County Commissioners and the regional and State planning agencies having jurisdiction within the county. § 19(d). In addition, § 19(*o*) requires the municipality to provide

"a proposed outline for the extension of services and public facilities into the area proposed to be annexed. The outline shall be open to public review and discussion at the public hearing, but amendments to the outline may not be construed in any way as an amendment to the resolution, nor may they serve in any manner to cause a reinitiation of the annexation procedure then in process. A copy of the outline shall be provided to the governing body of the county or counties in which the municipal corporation is located and any regional and State planning agencies having jurisdictions within the county at least 30 days prior to the holding of the public hearing required by this section. *The outline shall contain a description of the land use pattern proposed for the area to be annexed, which may include any county master plan already in effect for the area.* It shall be presented so as to demonstrate the available land for public facilities which may be considered reasonably to be necessitated by the proposed use, such as school sites, water or sewerage treatment facilities, libraries, recreation, fire or police. It shall contain also a statement describing the schedule for extending to the area to be annexed each municipal service performed within the municipality at the time of annexation and a statement as to the general methods by which the municipality anticipates to finance the extension of municipal services into the area to be annexed." (Emphasis added)

After the public hearing, the legislative body may enact the resolution, which shall not take effect for at least forty-five days. § 19(e). Persons eligible to object to the annexation may petition for a referendum within this forty-five day period, thereby staying the annexation pending an election. § 19(f) (residents of area to be annexed); § 19(g) (residents of municipality); § 19(h) (county in which municipality located).

After the annexation, a municipality with planning and zoning authority is vested with "exclusive jurisdiction over planning and zoning and subdivision control within the area annexed." § 19(s). The annexing municipality's authority to zone is limited, however, by § 9(c), which provides in part:

> "[N]o municipality annexing land may for a period of five years following annexation, place that land in a zoning classification which permits a land use substantially different from the use for the land specified in the current and duly adopted master plan or plans or if there is no adopted or approved master plan, the adopted or approved general plan or plans of the county or agency having planning and zoning jurisdiction over the land prior to its annexation without the express approval of the board of county commissioners or county council of the county in which the municipality is located."

Code (1983 Repl.Vol.), Art. 66B regulates the planning and zoning powers of local governments. Before adopting a comprehensive zoning plan or any amendments to that plan, the local legislative body must hold at least one public hearing "at which parties in interest and citizens shall have the opportunity to be heard;" public notice must be given at least twice prior to the hearing. § 4.04(a), (b). If an amendment changes the zoning classification for a particular parcel of land,

> "the local legislative body shall make findings of fact in each specific case including, but not limited to, the following matters: population change, availability of public facilities, present and future transportation patterns,

compatability with existing and proposed development for the area, the recommendation of the planning commission, and the relationship of such proposed amendment to the jurisdiction's plan; and may grant the amendment based upon a finding that there was a substantial change in the character of the neighborhood where the property is located or that there was a mistake in the existing zoning classification."

§ 4.05(a).

## III

This case presents a number of questions concerning the proper interpretation of the above statutes. First, what procedure may be used to challenge combined annexation and zoning enactments? Second, who can challenge such enactments? Third, what process must a municipality use when it simultaneously annexes and zones a parcel of land?

### (a) *Procedure*

■ The Declaratory Judgment Act provides that

"[a]ny person ... whose rights, status, or other other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and ... obtain a declaration of rights, status, or other legal relations under it."

Code (1973, 1984 Repl.Vol.), § 3–406 of the Courts and Judicial Proceedings Article. If, however, "a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed in lieu of a [declaratory judgment] proceeding...." § 3–409(b) of the Courts Article. Thus, we must determine whether Associates had a statutory remedy in this case.

Art. 23A, § 9(c) provides no statutory appeal process. Furthermore, in *Md.-Nat'l Cap. P. & P. v. Rockville*, 269 Md. 240, 246–47, 305 A.2d 122 (1973) (*Rockville I*), we determined that the inclusion of the proposed zoning classification in an annexation resolution did not transform the issue into a zoning case. Thus, a declaratory judgment

action was the proper way to challenge Rockville's action. As the present case is in the identical posture, we hold that a property owner with standing can challenge the validity of the annexation/zoning resolution in a declaratory judgment proceeding.[2]

### (b) *Standing*

■ Associates owns land adjacent to, but outside the boundaries of, the property proposed for annexation and rezoning. It claims that the proposed development will cause traffic problems and will be visible from its property. No evidence was presented to dispute these claims of injury. In addition, Associates utilizes the town's water system. The record contains uncontroverted claims that the proposed development on the annexed property would have an adverse impact on the town's water system and thus, on Associates' use of that system. We conclude that Associates has demonstrated that North East's actions affect it; thus, Associates has standing to challenge the annexation and zoning resolution. *See Dart Drug Corp. v. Hechinger,* 272 Md. 15, 25, 320 A.2d 266 (1974).

### (c) *Process to Annex and Rezone*

■ Prior to 1971, Art. 23A, § 9(c) contained no restriction on a municipality's authority to annex and rezone adjacent territory. *See Prince George's Co. v. Laurel,* 262 Md. 171, 179, 277 A.2d 262 (1971). The General Assembly limited that power, however, by amending § 9(c) to prohibit a zoning classification that permits substantially different uses from the county's master or general plan for five years after annexation. Ch. 116, Acts of 1971. We upheld that restriction in *Md.-Nat'l Cap. P. & P. v. Rockville,* 272 Md. 550, 325 A.2d 748 (1974) (*Rockville II*). We noted that ch. 116's purpose was

---

**2.** Associates' challenge may also fall within the "constitutional exception" to § 3–409(b). *See Harbor Island Marina v. Calvert Co.,* 286 Md. 303, 308, 407 A.2d 738 (1979). Because we conclude that § 3–409(b) does not apply to combined annexation/zoning cases, we need not decide that question.

"to preserve the integrity of the Master Plan adopted by the jurisdiction or commission having planning power immediately prior to annexation. In enacting Chapter 116, the General Assembly validly could have considered that the planning and zoning functions frequently involve large areas, and not merely the land being annexed; and, therefore, that a substantial change in the zoning of an annexed tract might well be disruptive to the planning for the surrounding areas." *Id.* at 561, 325 A.2d 748.

Thus, under the 1971 amendment to § 9(c), a municipality, for a five year period, could only zone newly annexed territory for land uses *similar* to those permitted by the county prior to annexation.

By ch. 613 of the Acts of 1975, the General Assembly again amended § 9(c) to allow "substantially different" rezoning of annexed land without regard to the five-year limitation, if the municipality obtained the express approval of the appropriate county. As amended, therefore, nothing in § 9(c) purports to preclude a municipality from rezoning annexed land when, as here, it obtains the county's express consent. And this is so without regard to whether the proposed zoning classification is for land uses similar or different from the use for the land specified in the county's master or general plan.[3] But nothing in § 9(c) eliminates the requirement that the municipality comply with the pertinent provisions of Art. 66B, and with its own charter, when it engages in the process of zoning newly annexed land. *See* R. Anderson, American Law of Zoning 3d § 5.27, at 430–31 (1986). We have consistently stated that Articles 23A and 66B must be read together. *E.g., Rockville I, supra,* 269 Md. at 247, 305 A.2d 122; *Laurel, supra,* 262

---

**3.** Associates also argued that a county must comply with Art. 66B, § 4.05 before approving a municipality's request for a zoning change as part of annexation. We agree with the trial court, however, that the county may determine what process to use in ιeviewing such requests. We also agree that the county's decision may only be overturned if it is arbitrary, capricious, or illegal. *See Governor v. Exxon Corp.,* 279 Md. 410, 424–26, 370 A.2d 1102 (1977), *aff'd,* 437 U.S. 117, 98 S.Ct. 2207, 57 L.Ed.2d 91 (1978).

Md. at 183–84, 277 A.2d 262; *City of Annapolis v. Kramer,* 235 Md. 231, 234, 201 A.2d 333 (1964). We have also approved the combination of zoning and annexation in one resolution. *Beshore v. Town of Bel Air,* 237 Md. 398, 411, 206 A.2d 678 (1965). The legislature is presumed to know existing law when it enacts new legislation. *Board of Educ., Garrett Co. v. Lendo,* 295 Md. 55, 63, 453 A.2d 1185 (1982); *Equitable Tr. Co. v. State Comm'n,* 287 Md. 80, 88, 411 A.2d 86 (1980). Thus, if the General Assembly wanted to allow changes in zoning during annexation without regard to the provisions of Art. 66B, we think that it would have clearly so provided.

Furthermore, the General Assembly expressed its concern for stability and continuity in land use by its 1971 amendment of § 9(c). *Rockville II, supra,* 272 Md. at 561, 325 A.2d 748. Because a blanket five-year ban on zoning changes may frustrate, not promote, appropriate land use, *see id.,* the General Assembly by its 1975 amendment provided, in effect, that (1) if the annexing municipality could satisfy Art. 66B, § 4.05(a), and (2) obtain the approval of the appropriate county, it could zone the new territory for uses substantially different than those permitted prior to annexation. If Art. 23A, § 9(c) is read in this way, it protects adjacent property owners and the county's interest in stability and promotes the most appropriate land use. *See generally* Comment, *Zoning Change: Flexibility vs. Stability,* 26 Md.L.Rev. 48 (1966) (discussing Maryland's commitment to stability in land use).

IV

The trial court found that North East committed two errors in the annexation process. First, it advertised the effective date as March 6, 1986, rather than March 22, 1986. Second, it did not provide an outline of the extension of public services to the annexed area, as required by §§ 19(d) and (*o* ) of Art. 23A. The court did not declare the rights of

the parties with respect to these errors, however, because it held that Associates had no standing to challenge them. Because we conclude that Associates does have standing, we shall remand to the circuit court to determine the validity of the annexation resolution. *Jennings v. Government Employees Ins.*, 302 Md. 352, 355, 488 A.2d 166 (1985).

As to the proposed rezoning, which Associates has standing to contest, the county has given its approval to the municipality to zone the annexed territory for land uses substantially different from those contained in the county's master or general plan. If the annexation resolution, with its zoning reclassification provisions is valid, the municipality may zone the newly annexed land, either for similar or different land uses than were formerly applicable under the county's plan. The municipality must act, however, in compliance with the relevant provisions of Art. 66B and of its own charter. If the proposed zoning classification is consistent with the former county zoning, the provision of § 4.05 of Art. 66B that authorizes amendments to a municipality's comprehensive zoning plan based on the change/mistake rule would manifestly be inapplicable as the municipal and county zoning classifications would essentially be the same. If, however, the proposed zoning classification is substantially different, the municipality must satisfy all the pertinent requirements of § 4.05, including the requirement that an amendment to the municipality's comprehensive zoning plan be based upon a finding of substantial change in the character of the neighborhood or mistake in the existing zoning classification.

JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR CECIL COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION AND FOR THE ENTRY OF A JUDGMENT DECLARING THE RIGHTS OF THE PARTIES. COSTS TO BE PAID BY APPELLEES.