728 A.2d 690

**Diana H. JOSEPHSON et al.**

v.

**CITY OF ANNAPOLIS et al.**

**No. 48, Sept. Term, 1998.**

Court of Appeals of Maryland.

Dec. 10, 1998.

Reconsideration Denied Jan. 13, 1999.

Thomas A. Deming, Baltimore, for appellants.

Jonathan A. Hodgson (Hyatt, Peters & Weber, P.A.), Paul G. Goetzke, City Attorney, Annapolis, for appellees.

**668**

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

CATHELL, Judge.

Plaintiffs below, Diana H. Josephson, Barbara D. Samorajczyk, Bywater Church & Crab Creek Association, Inc., and the Annapolis Neck Peninsula Federation, Inc., appellants and cross-appellees (hereinafter appellants), appeal from the decision of the Circuit Court for Anne Arundel County denying their Motions for Summary Judgment and granting the Motions for Summary Judgment of the defendants below, the City of Annapolis (Annapolis), Farmer's National Land Corporation (Farmers), and the Chrisland Corporation (Chrisland), appellees and cross-appellants (hereinafter appellees). The complaint originated as a "Complaint For Declaratory Judgment, Mandamus and Other Relief." The action, however, arose out of the rezoning of property previously annexed by Annapolis. That annexation also is being challenged and is before this Court in a separate proceeding. *See generally Anne Arundel County v. City of Annapolis,* 352 Md. 117, 721 A.2d 217 (1998).

On appeal, appellants raise the following issues:

I. Did Appellee, the City of Annapolis, violate the prohibition of Article 23A, Section 9(c)(1), i[n] assigning zoning classification R1B to the subject, annexed property?

II. Was Appellee, the City of Annapolis, required as a matter of law to amend its Comprehensive Plan in accordance with Article 66B, Section 3.01 et seq., as amended by the Economic Growth, Resource Protection, and Planning Act of 1992 (Chapter 437, Laws of Maryland, 1992), before assigning any zoning classification to the subject, annexed property?

In their cross-appeal, appellees allege that the trial court erred in finding the exhaustion of administrative remedies doctrine did not apply. Appellees Farmers and Chrisland, in

their Motion to Dismiss or, in the Alternative for Summary Judgment, asserted below:

1) The Plaintiffs have failed to exhaust their administrative remedies by failing to pursue the administrative appeal procedures established and mandated by statute.

2) Declaratory Judgment is not available where, as in the case at bar, a statute provides a special form of remedy for a specific type of case. In such cases, that statutory remedy shall be followed in lieu of a proceeding under the declaratory judgment statute. (Court Art., Sec. 3–409(b)).

3) Mandamus is not available as a remedy where specific remedies have been provided by statute.

Appellee Annapolis presented and argued in its Amended Motion to Dismiss or, in the Alternative, for Summary Judgment below that "Plaintiffs failed to pursue mandatory administrative remedies; therefore, the Complaint fails to state a claim upon which declaratory relief may be granted or upon which a writ of mandamus may be issued." The trial court denied appellees' requested relief in reliance on *Northeast Plaza Associates v. President and Commissioners of North East,* 310 Md. 20, 526 A.2d 963 (1987).

Because we hold that appellants were required to exhaust their administrative remedies prior to filing their Complaint in the circuit court, we shall vacate the trial court's order and remand with directions to dismiss this action for appellants' failure to exhaust all administrative remedies. Accordingly, we need not address the substantive issues raised by appellants.

## I. FACTS AND PROCEDURAL HISTORY

The property in question in this appeal is a 103.647 acre tract of land owned by Farmers and under contract to be sold to Chrisland. This parcel of land (Chrisland property), located in Anne Arundel County, straddles Bywater Road south of Forest Drive, and extends from the headwater area of Church Creek on the west to the headwater area of Crab Creek on the east. Annapolis annexed the Chrisland property by Resolution No. R–21–96 Revised/Amended, adopted on November 4,

1996, which became effective on December 19, 1996. As initially proposed, the resolution contained provisions to annex and rezone the Chrisland property, but the rezoning provisions were deleted prior to passage. Accordingly, as adopted, the annexation ordinance contained no order to rezone the property.

Almost six months later on May 12, 1997, the City of Annapolis, in a separate proceeding and by separate legislation, Ordinance No. O–28–97, rezoned the Chrisland property to a R1B Single Family Residence District zoning classification pursuant to the Annapolis City Code, section 21.08.060.[1] It is this particular May 12th rezoning that is at issue in the case *sub judice*.

Instead of appealing the rezoning decision in accordance with the requirements of section 21.88.020 of the Annapolis City Code,[2] and thereafter seeking judicial review in the circuit court as required by section 4.08(a) of Article 66B of

---

1. Section 21.08.060 of the Annapolis City Code provides:
   **21.08.060  Zoning of annexed land.**
   On land annexed to or consolidated with the city after August 10, 1970, no building or structure shall be erected, enlarged or moved and no change in the use of land or existing buildings or structures shall be made until an ordinance designating the zoning district classification of the annexed land is adopted by the city council. If in acting favorably on the annexation petition, the city council does not designate the zoning district classification, then within forty days of the annexation, the planning commission shall file an application for an amendment to establish the zoning district classification of the land. However, if no action is taken regarding the classification of annexed land within ninety days of the date of annexation, the land shall require the R1 district classification and shall remain in that zone until properly reclassified.

2. This provision provides in relevant part:
   **21.88.020  Board of appeals.**
   A. Establishment. The board of appeals, as provided for in Chapter 2.48 of this code, is the board of appeals referred to in this title. The board of appeals is also the board of appeals referred to in Section 4.07 of Article 66B of the Annotated Code of Maryland.
   B. Jurisdiction. The board of appeals is vested with the following jurisdiction and authority under this title:
   1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an ad-

the Maryland Code (1957, 1998 Repl.Vol.),[3] appellants sought direct relief several months later by filing an action for mandamus, declaratory judgment and injunctive relief. Ultimately, all parties filed motions for summary judgment alleging that no disputed facts existed and that the case should be resolved as a matter of law. In addition to other points, appellees argued, as indicated above, that the matter should be dismissed for appellants' failure to exhaust their administrative remedies.

During the hearing below, the first issue concerned whether the two cases, the challenge to the annexation to which we referred earlier and the rezoning challenge, should be heard together. With respect to that issue the following exchanges occurred:

> THE COURT: Call the cases, Diana H. Josephson, and others, versus the City of Annapolis, and others, Case No. C–97–391980C [4] and Anne Arundel County, Maryland versus the City of Annapolis, Farmers National Land Corporation, The Chrisland Corporation, C–97–363030C.[5]

---

ministrative official or body in the enforcement of this title or any ordinance adopted pursuant to this title;

. . . .

3. To hear and decide all matters referred to it or upon which it is required to pass under this title, and as prescribed by Section 4.07 of Article 66B of the Annotated Code of Maryland;

4. To execute all of the powers conferred to boards of appeals under Article 66B of the Annotated Code of Maryland, 1957 edition, as amended from time to time. . . .

3. Section 4.08(a) provides:

(a) *Who may appeal; procedure.*—Any person or persons, jointly or severally, aggrieved by any decision of the board of appeals, or by a zoning action by the local legislative body, or any taxpayer, or any officer, department, board, bureau of the jurisdiction, may appeal the same to the circuit court of the county. Such appeal shall be taken in accordance with Title 7, Chapter 200 of the Maryland Rules. Nothing in this subsection shall change the existing standards for review of any zoning action.

4. Case No. C–97–391980C is the case *sub judice.*

5. Case No. C–97–363030C is an annexation case involving the same property also being considered by this Court. *See generally Anne Arundel County,* 352 Md. 117, 721 A.2d 217.

. . . .

[APPELLANT'S COUNSEL]: Your Honor, do we have to handle the cases simultaneously or one after the other?

THE COURT: I would think so, or do you want to do them separate? It doesn't matter to me.

. . . .

THE COURT: Don't we have the same issue all the way around . . . ?

[APPELLANT'S COUNSEL]: No, Your Honor. The issue is quite distinct on the merits.

. . . .

[APPELLANT'S COUNSEL]: I would suggest that the enclave case, [the annexation case,] the County's case, go first.

The trial court then proceeded to hold the hearing on the annexation case. After that hearing concluded, the following occurred:

THE COURT: . . . All right, now we are ready to go on the other case. This is Josephson and others versus the City, . . . right?

. . . .

[CITY ATTORNEY]: . . . If I might at this time raise an objection to the presence at counsel table [of] the County attorney. The County is not a party in this action.[6]

. . . .

This is the zoning case, Your Honor. These are also cross Motions for Summary Judgment. We all seem to agree on the facts, we just differ a little bit on the law.

. . . .

---

6. The trial court permitted the County attorney to remain.

This was a proceeding completely separate and distinct and actually several months ... apart from the act of annexation. . . .

So, for all intents and purposes, this was land located within the city that was zoned according to our ... City Code Article 21, zoning powers as conferred upon the city by the Annotated Code of Maryland, Article 66[B], Title 4.

. . . .

[Ordinance] 02897 was adopted and became final on May 12, 1997.

... [T]hese proceedings [, the annexation proceedings and the zoning proceedings,] are bifurcated. They are very much separate. It will reflect an impact upon the critical issue and that is the failure of the Plaintiffs to pursue mandatory administrative remedies under 66[B]. . . .

. . . .

[Section 4.08] [s]pecifically provides that if you are aggrieved of a zoning decision of a municipal legislative body, you must file your appeal under the administrative procedures of the Maryland Rules, Chapter 7, Title 2, the old "B" rules. If you want to appeal a zoning of a parcel of land [ (piece-meal zoning) ], if it is a legislative act of a local legislature, that is your remedy. They filed mandamus and declaratory action here, but it is our position that they had to go under the old "B" rules.

... [A]ll four Plaintiffs appeared at those zoning hearings.

. . . .

What did they do? One thing they did not do was pursue an administrative appeal. The 30 day deadline came and went, and many months later they filed an action for mandamus and declaratory relief. It is our position that they have failed to pursue mandatory administrative remedies, therefore, the case must be dismissed.

Now, I anticipate that the Plaintiffs will argue the case of *Northeast* to you. In that case, what was before the court, was one of these combined annexation and zoning ordi-

nances ... [and the Court] found that, well when you combine the two ... we will allow them to bring a declaratory action.

Very different in Annapolis. We bifurcated the two processes, this land was in the City of Annapolis for six months ... before this property was ever zoned R–1–B. So it is purely a 66[B] exercise of authority.

In response, appellants made a brief reference to a memorandum they had filed in the case, which apparently relied on *Northeast Plaza Associates*, 310 Md. 20, 526 A.2d 963, and then relied almost exclusively upon provisions relating to combined annexation/rezoning resolutions or ordinances. The trial court, although ultimately ruling in favor of appellees on the merits, found against them on the failure to exhaust administrative remedies argument, relying on *Northeast Plaza*. In doing so, the trial court extended the exception created in *Northeast Plaza* beyond its limited scope and erred as a matter of law. We shall vacate the judgment of the circuit court and direct it on remand to dismiss this case for appellants' failure to exhaust their administrative remedies.

## II. DISCUSSION AND ANALYSIS

### A. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

This Court discussed the relationship between administrative and judicial remedies at great length in *Zappone v. Liberty Life Insurance Co.*, 349 Md. 45, 706 A.2d 1060 (1998). Explaining that the appropriateness of each remedy ordinarily depends upon legislative intent, we stated:

Whenever the Legislature provides an administrative and judicial review remedy for a particular matter or matters, the relationship between that administrative remedy and a possible alternative judicial remedy will ordinarily fall into one of three categories.

*First*, the administrative remedy may be exclusive, thus precluding any resort to an alternative remedy. Under this

scenario, there simply is no alternative cause of action for matters covered by the statutory administrative remedy.

*Second,* the administrative remedy may be primary but not exclusive. In this situation, a claimant must invoke and exhaust the administrative remedy, and seek judicial review of an adverse administrative decision, before a court can properly adjudicate the merits of the alternative judicial remedy. *See, e.g., McCullough v. Wittner,* 314 Md. 602, 613, 552 A.2d 881, 886 (1989) ...; *Md.-Nat'l Cap. P. & P. Comm'n v. Crawford,* 307 Md. 1, 18, 511 A.2d 1079, 1088 (1986) ...; *Bd. of Ed. for Dorchester Co. v. Hubbard,* 305 Md. 774, 792, 506 A.2d 625, 634 (1986).

*Third,* the administrative remedy and the alternative judicial remedy may be fully concurrent, with neither remedy being primary, and the plaintiff at his or her option may pursue the judicial remedy without the necessity of invoking and exhausting the administrative remedy. *Md.-Nat'l Cap. P. & P. Comm'n v. Crawford, supra,* 307 Md. at 22–31, 511 A.2d at 1090–1094; *Bd. of Ed. for Dorchester Co. v. Hubbard, supra,* 305 Md. at 791, 506 A.2d at 633; *Md.-Nat'l Cap. P. & P. v. Wash. Nat'l Arena,* 282 Md. 588, 600, 386 A.2d 1216, 1225 (1978).

. . . .

Despite occasional dicta in a few opinions suggesting the contrary, where neither the statutory language nor the legislative history disclose an intent that the administrative remedy is to be exclusive, and where there is an alternative judicial remedy under another statute or under common law or equitable principles, there is no presumption that the administrative remedy was intended to be exclusive. *There is in this situation, however, a presumption that the administrative remedy is intended to be primary, and that a claimant cannot maintain the alternative judicial action without first invoking and exhausting the administrative remedy. See, e.g., Md. Reclamation v. Harford County, supra,* 342 Md. at 493, 677 A.2d at 576 ("this Court has 'ordinarily construed the pertinent [legislative] enactments to require that the administrative remedy be first invoked

and followed' before resort to the Courts"); *Luskin's v. Consumer Protection,* 338 Md. 188, 194–199, 657 A.2d 788, 791–793 (1995); *Clinton v. Board of Education,* 315 Md. 666, 678, 556 A.2d 273, 279 (1989) ("Ordinarily, when there are two forums available, one judicial and the other administrative, … and no statutory directive indicating which should be pursued first, a party is often first required to run the administrative remedial course before seeking a judicial solution"); *Quesenberry v. WSSC,* 311 Md. 417, 424, 535 A.2d 481, 484 (1988); *Md.-Nat'l Cap. P. & P. Comm'n v. Crawford, supra,* 307 Md. at 13, 511 A.2d at 1085; *Bd. of Ed. for Dorchester Co. v. Hubbard, supra,* 305 Md. at 786, 506 A.2d at 631 ("we have ordinarily construed the pertinent enactments to require that the administrative remedy be first invoked and followed"); *Prince George's Co. v. Blumberg,* 288 Md. 275, 283–284, 418 A.2d 1155, 1160 (1980), *cert. denied,* 449 U.S. 1083, 101 S.Ct. 869, 66 L.Ed.2d 808 (1981).

*Id.* at 60–61, 63–64, 706 A.2d at 1067–68, 1069 (emphasis added) (footnotes omitted) (alteration in original).

Judge Eldridge, for this Court, visited the doctrine of exhaustion of administrative remedies as it relates to State common law and State constitutional law in *Maryland Reclamation Associates, Inc. v. Harford County,* 342 Md. 476, 677 A.2d 567 (1996). In that case, we had to determine whether Maryland Reclamation Associates (Maryland Reclamation) was "required to invoke and exhaust administrative remedies available under the Harford County Code and the Express Powers Act, Maryland Code (1957, 1994 Repl.Vol.), Art. 25A, § 5(U) (setting forth the jurisdiction and procedural requirements with respect to boards of appeal in chartered counties)."[7] *Id.* at 490, 677 A.2d at 574. If Maryland Reclamation

---

7. Section 5(U) authorizes chartered counties to establish boards of appeals and for such boards to review administrative actions, including "amendment of a zoning ordinance map," *i.e.,* rezoning. The section then provides that any party aggrieved by an action of a board of appeals "may appeal to the circuit court." In charter counties the Express Powers Act performs much the same functions as Article 66B

were so required and had not sought to utilize that remedy, *i.e.*, invoking administrative action and then seeking judicial review of the administrative agency action, we stated that "there would be no occasion for the Court to reach the merits of such issue." *Id.* This Court concluded that "[t]here clearly were administrative remedies available to Maryland Reclamation, affording ... the means for obtaining the relief sought if it was entitled to such relief." *Id.*

As to Maryland Reclamation's state constitutional and statutory claims, we stated: "Neither the enactments by the General Assembly nor the decisions of this Court dispense with the requirement that administrative remedies be exhausted in actions to enforce rights under the Maryland Constitution or rights under state statutes." *Id.* at 493, 677 A.2d at 576. We continued:

Where a legislature has provided an administrative remedy for a particular matter, even without specifying that the administrative remedy is primary or exclusive, this Court has "ordinarily construed the pertinent [legislative] enactments to require that the administrative remedy be first invoked and followed" before resort to the courts. *Bd. of Ed. for Dorchester Co. v. Hubbard, supra*, 305 Md. at 786, 506 A.2d at 631. *See, e.g., Board v. Secretary of Personnel*, 317 Md. 34, 42–43, 562 A.2d 700, 704 (1989); *Clinton v. Board of Education*, 315 Md. 666, 678, 556 A.2d 273, 279 (1989); *Muhl v. Magan, supra*, 313 Md. at 480–481, 545 A.2d at 1330–1331; *Quesenberry v. WSSC*, 311 Md. 417, 424, 535 A.2d 481, 484 (1988); *Comm'n on Human Rel. v. Mass Transit, supra*, 294 Md. at 230–232, 449 A.2d at 387–388, and cases there cited. When the legislative body expressly states that the administrative remedy is primary or exclusive or must be exhausted, the mandatory nature of the exhaustion requirement is underscored. Such express language "is totally inconsistent with the notion that the [administrative agency's] jurisdiction over [the matter] can be

---

does in non-Charter and non-Home Rule counties and in municipalities.

circumvented," *McCullough v. Wittner,* 314 Md. 602, 609, 552 A.2d 881, 884 (1989).

*Id.* (alterations in original).[8] What we stated in *Maryland Reclamation* applies equally to appellants' attempts in the case at bar to bypass the necessary administrative review process.

## B. *NORTHEAST PLAZA*

As we have stated, *supra,* the trial court relied exclusively on this Court's decision in *Northeast Plaza* to decide that appellants were not required to exhaust their administrative remedies prior to filing suit for declaratory and mandamus relief in the circuit court. In *Northeast Plaza Associates,* 310 Md. at 27–28, 526 A.2d at 967, the Commercial Center Development Corporation requested the Commissioners of the Town of North East to annex an area of unimproved land and simultaneously rezone it from light industrial to commercial and multifamily residential. The Town Commissioners ultimately approved the annexation and rezoning. Northeast Plaza Associates, which owned land adjacent to the annexed parcel, filed an action for declaratory judgment challenging the validity of the annexation and rezoning.

In an order declaring the rights of the parties, the trial court in *Northeast Plaza* viewed the annexation and the rezoning as two distinct processes. Among other issues determined, the trial court found defects in the annexation process and ruled that the Northeast Plaza Associates "could not

---

**8.** We also noted that in the past this Court has "recognized a limited 'constitutional' exception to the rule requiring exhaustion of administrative remedies." Judicial review prior to an administrative challenge is possible when "the constitutionality of a statute on its face is challenged," *id.* at 494, 677 A.2d at 576, but not when the statutorily prescribed administrative review remedy is exclusive. *Holiday Point Marina Partners v. Anne Arundel County,* 349 Md. 190, 201–02, 707 A.2d 829, 835 (1998). "Issues concerning the validity of ordinances as applied to particular property must be raised and initially decided in the administrative proceeding." *Maryland Reclamation Assocs.,* 342 Md. at 495, 677 A.2d at 577. Appellants in this case do not challenge the constitutionality of the ordinances.

challenge the rezoning in a declaratory judgment action, but should have exhausted administrative remedies." *Id.* at 24, 526 A.2d at 965.

As is relevant to the case before us, we first noted in *Northeast Plaza* that we had to determine "what procedure may be used to challenge combined annexation and zoning enactments." *Id.* at 27, 526 A.2d at 967. We stated:

> The Declaratory Judgment Act provides that
>
> "[a]ny person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and ... obtain a declaration of rights, status, or other legal relations under it."
>
> Code (1973, 1984 Repl.Vol.), § 3–406 of the Courts and Judicial Proceedings Article. If, however, "a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed in lieu of a [declaratory judgment] proceeding ...." § 3–409(b) of the Courts Article. Thus, we must determine whether Associates had a statutory remedy in this case.
>
> Art. 23A, § 9(c) provides no statutory appeal process. Furthermore, in *Md.-Nat'l Cap. P. & P. v. Rockville,* 269 Md. 240, 246–47, 305 A.2d 122 (1973) (*Rockville I* ), we determined that the *inclusion of the proposed zoning classification in an annexation resolution did not transform the issue into a zoning case.* Thus, a declaratory judgment action was the proper way to challenge Rockville's action. As the present case is in the identical posture, we hold that a property owner with standing can challenge the validity of the *annexation/zoning* resolution in a declaratory judgment proceeding.

*Id.* at 27–28, 526 A.2d at 967 (emphasis added) (footnote omitted) (alteration in original). Accordingly, because the action from which Northeast Plaza appealed was not a standard zoning issue but a unique combination of annexation and zoning in one statute, we held that Northeast Plaza need not

have exhausted its administrative remedies before proceeding with an action for a declaratory judgment. *Id.*

Section 21.08.060 of the Annapolis City Code provides the method for establishing zoning designations of newly annexed land within the city when the zoning designation is not created during the annexation process. That is what occurred in the instant case—property was annexed by Annapolis, then, some period of time thereafter, was proposed to be rezoned. Section 21.88.020 of the Annapolis City Code provides that the Board of Appeals is authorized to hear appeals when an error in the adoption of an ordinance passed pursuant to the provisions of Article 21 is alleged. *See* § 21.88.020B.1. Appellants alleged an error in the adoption of Ordinance O–28–97, enacted on May 12, 1997, which strictly addressed the Chrisland property rezoning. No appeal as to this alleged error, however, was taken to the Board of Appeals.

As we have noted, Article 66B, section 4.08(a) of the Maryland Code provides that an appeal from "a zoning action by the local legislative body, . . . to the circuit court of the county . . . shall be taken in accordance with Title 7, Chapter 200 of the Maryland Rules." Rule 7–203(a) provides that a Petition for Judicial Review to the circuit court from the actions of an administrative agency must be taken within thirty days after the date of the action that forms the basis of the petition. Just as they never filed an appeal to the zoning board of appeals, appellants never filed a petition for judicial review. Accordingly, unless an exception to the general rule that administrative remedies must first be exhausted before resorting to the courts applies, the trial court should have dismissed this case because appellants turned to the courts seeking other remedies before exhausting their administrative remedies.

*Northeast Plaza* was a limited case because, to the extent an exception to the requirement that administrative remedies must first be exhausted before resorting to the courts was recognized in that case, it applied only to simultaneous, combined annexation/rezoning resolutions or procedures. *Northeast Plaza* went no further. The annexation and the zoning

classification here at issue were addressed separately by Annapolis several months apart, and accomplished by separate statutes. Appellants admitted in the trial court below that the annexation and rezoning issues were "quite distinct on the merits" and the cases were heard and decided by the trial court separately, even if seriatim.

Thus, the general rule, which applies in this case, remains that when administrative remedies exist in zoning cases, they must be exhausted before other actions, including requests for declaratory judgments, mandamus and injunctive relief, may be brought. Appellants failed to exhaust their administrative remedies and the case must be dismissed. We shall vacate the judgment of the trial court and remand the case with directions to dismiss the case.

**JUDGMENTS OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY VACATED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS; COSTS TO BE PAID BY APPELLANTS.**